MANITOWOC MALTING COMPANY, Respondent, vs. MILWAU-
KEE MALTING COMPANY, Appellant.

*October 22—November 17, 1903.*

*Unfair competition in trade: Imitation of trade symbol: Injunction.*

1. Defendant's trade symbol or device is *held* to be an imitation,
   calculated to deceive, of that which plaintiff had previously
   used upon its cars, sacks, cards, billheads, and advertising mat-
   ter, and under which plaintiff had built up a profitable busi-
   ness in the manufacture and sale of malt made by the so-called
   "eight-day process"—the striking features of both devices being
   their circular shape, a large figure 8, and encircling heads of
   barley, although there were differences in coloring and in the
   words attached; and the use of such device by defendant con-
   stitutes unfair competition in trade, against which equity will
   protect the plaintiff.
2. The facts that such malt is not retailed to the public, but sold
   only to brewers and distillers, and that the defendant has not
   used its device upon cars or sacks, but only upon sample cans,
   cards, letterheads, etc., go only to the degree of deception and
   consequent injury, but do not affect plaintiff's right to protec-
   tion.
3. In an action to restrain the use of such trade device, if the fact
   is established of an imitation well calculated to deceive, it is
   not necessary to show by specific proof that purchasers have
   actually been deceived.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Af-
firmed.*

This is an action in equity to perpetually enjoin the de-
fendant from using in its business a certain symbol or de-
vice alleged to be an infringement on the plaintiff's trade-
mark. At the date of the commencement of this action both
parties were, and still are, engaged in the manufacture of
malt, the plaintiff's plant being at Manitowoc, and the de-
fendant's at Milwaukee; and both were using what is called
the "eight-day process," by which malt is germinated eight
days, which, it seems, is an improvement on former methods

by which malt is germinated in five or six days. The plaintiff had commenced manufacturing by this process in the latter part of the year 1900, and had built up a large and profitable trade, using the following symbol or device, which was duly registered as a trademark in 1901:

In this symbol the figure 8 and the barley heads were colored in yellow, and the circular band tinted in pink. This device it used in an enlarged form upon cars in which it shipped malt, in which case the figure 8 and the barley heads were tinted yellow, and the whole background was colored a bright red. It also used the device upon its cards, billheads, letter heads, and advertising matter, and its malt had become favorably known to the public, and was distinguished by this device.

The officers of the defendant visited the plaintiff's malthouse in October, 1900, and inspected the processes used, and were shown the trademark. They then proceeded to construct a plant for the manufacture of eight-day malt, and commenced to manufacture and sell the same in the latter part of the year 1901. At first they used no device or trademark, but shortly before the commencement of this action they commenced to use upon their cards, billheads, envelopes, and sample cans the device shown on page 545.

The figure 8 in this device is colored a bright red, the barley heads are gilt, and the balance of the device is dark green, except the words "Slow Grown Malt," which are red.

The court found that the defendant's symbol or device was calculated to deceive and mislead purchasers of malt into the belief that the defendant's malt was manufactured by the plaintiff; that the defendant's symbol is sufficiently similar

to the mark used by the plaintiff to cause deception and confusion among purchasers and consumers of malt; that the use of said symbol by the defendant has damaged the plaintiff, and threatens to cause great and irreparable injury in the future; that this action was brought promptly upon the ap-

pearance in the market of the defendant's cards bearing said symbol, and that no proof of actual damage was given at the trial.

As conclusions of law the court found that the plaintiff's symbol constituted a trademark, and that the defendant's symbol is an infringement of said trademark; that the defendant's acts also constituted unfair competition in trade; and that the plaintiff is entitled to judgment restraining the defendant from using said symbol, or any other symbol in imitation of the plaintiff's symbol, in the sale of its goods. Judgment was entered in pursuance of these findings, and the defendant appeals.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.* They contended, *inter alia,* that in a case depending upon the fraud of "unfair competition," the facts must evince a natural tendency to mislead, and the misleading must be as to the essential fact that the party ordering or buying is led to believe that he is buying of another party. *Shaver v.*

*Heller & M. Co.* 108 Fed. 821; *Keller v. B. F. Goodrich Co.* 117 Ind. 556; *Pillsbury v. Pillsbury-Washburn F. M. Co.* 64 Fed. 841; *Collinsplatt v. Finlayson,* 88 Fed. 693; *Samuels v. Spitzer,* 177 Mass. 226.

For the respondent there was a brief by *Erwin & Wheeler,* and oral argument by *Lyman G. Wheeler.* As to the degree of imitation necessary to constitute unfair competition, see *Pillsbury v. Pillsbury-Washburn F. M. Co.* 64 Fed. 841; *Collinsplatt v. Finlayson,* 88 Fed. 693. A fraudulent intent will be inferred from unexplained resemblances in the devices themselves. *Dennison Mfg. Co. v. Thomas Mfg. Co.* 94 Fed. 651; *Walter Baker Co. v. Sanders,* 80 Fed. 890; *Lalance & G. Mfg. Co. v. Nat. E. & S. Co.* 109 Fed. 317.

WINSLOW, J. The trial court concluded that the plaintiff was entitled to the relief sought on two grounds: first, because the defendant had infringed upon the plaintiff's trademark; and, second, because the facts showed unfair competition in trade. In the view we have taken of the case, we find it unnecessary to decide whether the plaintiff's device constitutes a valid trademark, and our judgment herein is not to be construed as affirming this finding. We are entirely satisfied, however, that the court was right in adjudging the use of the defendant's device to be unfair competition in trade, and upon that ground the judgment will be affirmed.

Unfair competition in trade is not confined to the imitation of a trademark, but takes as many forms as the ingenuity of man can devise. It may consist of the imitation of a sign, a trade-name, a label, a wrapper, a package, or almost any other imitation by a business rival of some distinguishing earmark of an established business, which the court can see is calculated to mislead the public and lead purchasers into the belief that they are buying the goods of the first manufacturer. The first question is whether there is an imitation in fact, and this must be determined by inspection

of the rival symbols or devices. It is not to be expected, of course, that there will ever be an exact copy. The imitator will always seek to introduce enough differences to justify a claim that there has been no imitation, while incorporating enough similarities to carry the general effect of the original design to the mind of the unwary purchaser.

Viewing the two devices in the present case, and remembering that the plaintiff's device had been in use upon its cars, its sacks, its cards, billheads, and advertising matter, and a large and profitable business built up thereunder, for a year before the defendant's device was adopted, we can entertain no doubt of the fact that a clear attempt to imitate is shown. The prominent features of the plaintiff's device are the large figure 8 and the encircling heads of barley. Turning to the defendant's device, we find both of these features in substantially the same form, though perhaps more artistically carried out in color. It is true that the words incorporated with the figure 8 are different, but it is significant that both sets of words convey exactly the same idea, namely, that the malt is grown eight days. The striking features of both devices are the circular shape, the barley heads, and the large figure 8. The conclusion of imitation from the similarity in these respects is irresistible. Nor is that conclusion at all shaken by the difference in the words attached, or the fact that the defendant has incorporated its name in the device.

The fact of imitation being established, and such imitation being well calculated to deceive, it is not necessary to show by specific proof that purchasers have been actually deceived. A court of equity will act before the injurious consequences of the unfair competition have made themselves manifest, if the imitation is established, and the consequent deception seems certain to result. *Collinsplatt v. Finlayson*, 88 Fed. 693.

It is urged that because the malt is only sold to brewers

and distillers, and not retailed to the public, there is no reasonable probability of deception; also that because the defendant has only used the device upon sample cans, cards, billheads, and letter heads, and not upon cars or sacks, purchasers are not likely to be misled. Both of these contentions only go to the degree of the deception and consequent injury. If the plaintiff is entitled to protection against unfair competition at all, it is entitled to protection against unfair competition in a small way as well as in a large way, provided it be substantial.

*By the Court.*—Judgment affirmed.