ELIZE COSTUME CO., INC., Respondent, *v.* MME. ELIZE, INC., Appellant.

First Department, November 2, 1923.

Unfair competition — action to restrain defendant from using " Mme. Elize " as part of corporate name — one of incorporators of plaintiff corporation was woman whose first name was " Elize "— said woman did not contract to permit her name to be used by plaintiff or receive any consideration therefor — later she sold her stock in plaintiff and organized defendant — styles associated with her name not plaintiff's special product — names are not so similar as to deceive buyers of ordinary observation — temporary injunction denied.

A temporary injunction will not be granted to restrain the use of the words " Mme. Elize " in connection with defendant's corporate name, where it appears that one of the incorporators of the plaintiff was a woman whose first name was " Elize; " that two years after the incorporation she sold her stock and organized the defendant corporation; that she did not contract with the plaintiff for the use of a part of her name as a part of its corporate name and did not receive any consideration therefor; that the styles which were associated with her name as a designer of costumes and gowns are not identified as being plaintiff's special product; and that the defendant denies that it is endeavoring to sell its goods as plaintiff's.

The names of the plaintiff and the defendant are not so similar as to deceive a buyer of ordinary observation in a trade where no likelihood of confusion between producers or their products is indicated.

CLARKE, P. J., dissents.

APPEAL by the defendant, Mme. Elize, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of August, 1923, granting the plaintiff's motion for a temporary injunction restraining the defendant from using, in connection with its business, its corporate name or the name " Mme. Elize."

*Hartman & Levy* [*Samuel Greenbaum* of counsel; *Hugo Levy* with him on the brief], for the appellant.

*I. Maurice Wormser* of counsel [*I. Gainsburg* with him on the brief], for the respondent.

MARTIN, J.:

Plaintiff and defendant are domestic corporations and are engaged in the business of manufacturing and selling ladies' costumes and dresses in the city of New York. The plaintiff corporation adopted, as part of its name, the name " Elize," which was the first name of Elize Galambos, one of its incorporators. She is not now connected with plaintiff, but is a stockholder and the president of defendant. Elize Galambos for upwards of twelve years has been well and favorably known as a designer throughout the costume and gown industry, and has been popularly known by the name of " Mme. Elize " by her business associates and persons dealing with her. For the use of the name " Elize " as part of the corporate title of plaintiff it appears she received nothing whatever. She and her husband turned over their business to the plaintiff corporation, receiving one-half of the stock, equalizing the investment of the other incorporators, including one Granowitz; and, although she had theretofore commanded a salary several times the amount, she accepted a salary of $7,500 a year for the first year, giving her entire time and attention to the business of plaintiff.

In December, 1921, following two years' employment with plaintiff, during which time she succeeded in building up plaintiff's business, Mme. Elize sold her stock. Thereafter the plaintiff's president, Mr. Granowitz, being anxious to have her continue in the business, made an arrangement with her, the terms of which are now in dispute, the plaintiff contending that the arrangement was that she should receive a salary of $400 a week as her sole compensation, and Mme. Elize contending that she was to be paid $400 a week as salary and one-half of the profits of the plaintiff corporation. As a result of the refusal of the plaintiff to pay her the profits which she claimed to be due her, she left the plaintiff's employ and commenced an action which is now pending to recover a share of the profits. She insists that her action brought

against plaintiff is largely responsible for the institution of this one.

Shortly after she left the employ of the plaintiff corporation, in association with others, she organized the defendant corporation, $100,000 being invested in the business; she gave to said corporation the use of her name, " Mme. Elize," as part of its corporate title, she having a one-half interest therein.

The court at Special Term granted a motion for an order restraining *pendente lite* the use of the name Mme. Elize as a part of a corporate title in the business in which she is now engaged, admitting, however, that Mme. Elize was free to use the name Mme. Elize in any business and in competition with plaintiff. In the opinion several cases are cited. An examination of these cases discloses that they are not in point, for in each the use of the name was illegal or inequitable.

This defendant never contracted or bargained away her right to use her name. It appears, furthermore, that the styles which were associated with her name are not identified as being plaintiff's special product.

The opinion at Special Term is to the effect that she may use her name, " Mme. Elize," but may not authorize its use as a corporate title, " Mme. Elize, Inc."

In *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict* (198 U. S. 118) the court said: " In the present case, the decree enjoined the use, ' in any manner whatsoever,' ' of the designation " Remington " as the name, or part of the name, of any typewriting machine whatsoever manufactured by the Remington-Sholes Company, or by defendant or any person or concern, and from selling, offering, exposing or advertising for sale by means of signs, show cards, catalogues, circulars, publications, advertisements or by word of mouth, or in any manner whatsoever, typewriting machines manufactured by said Remington-Sholes Company or by defendant, or any person or concern under the name of or as " Remington-Sholes," or by any designation of which the word Remington shall constitute a part.' This denies the right to use the personal name, rather than aims to correct an abuse of that right, and involves the assertion of the proposition that the use of a family name by a corporation stands on a different footing from its use by individuals or firms. But if every man has the right to use his name reasonably and honestly, in every way, we cannot perceive any practical distinction between the use of the name in a firm and its use in a corporation. It is dishonesty in the use that is condemned, whether in a partnership or corporate name, and not the use itself."

If she has not made any agreement or taken any other position which makes it illegal or inequitable for her to vend gowns under her name, Mme. Elize, it seems illogical to say that she may not vend them through a corporation bearing her name, " Mme. Elize, Inc."

In *Romeike, Inc.,* v. *Romeike & Co., Inc.* (179 App. Div. 712; affd., 227 N. Y. 561), this court, Mr. Justice Dowling writing the opinion, said: " The plaintiff's contention upon the record must be reduced to the bald claim that because Henry Romeike used his own name in his press clipping business for many years, and afterwards turned that business over to a corporation bearing his name, that no one else bearing the name Romeike can make use of it in that business. I do not believe that contention is sound * * *. Nor would even their intent to obtain part of plaintiff's business by competition under any other name be sufficient to constitute unfair trade, unless the intent was effectuated by some overt act constituting fraud, misrepresentation or deceit * * *. But in this case, not only is there no such confusion of businesses between the parties as would justify the intervention of a court of equity, not only is there no proof of unfair trade upon the part of defendant, but there is as well a sufficient dissimilarity of names to prevent any person of ordinary intelligence from being misled, and there has been proved the adoption of every reasonable means by defendant to distinguish its business from that of plaintiff. Albert Romeike was an incorporator of defendant and had a right not only to use his family name in his individual business, but to have it used as a part of the corporate name of a corporation in which he was a stockholder."

In the case of *Singer Manufacturing Company* v. *June Manufacturing Company* (163 U. S. 169) the court (at p. 187) said: " This fact is fully recognized by the well-settled doctrine which holds that although ' every one has the absolute right to use his own name honestly in his own business, even though he may thereby incidentally interfere with and injure the business of another having the same name. In such case the inconvenience or loss to which those having a common right are subjected, is *damnum absque injuria*. But although he may thus use his name, he cannot resort to any artifice or do any act calculated to mislead the public as to the identity of the business firm or establishment, or of the article produced by them, and thus produce injury to the other beyond that which results from the similarity of name.' "

It is asserted by plaintiff that Mme. Elize is pirating and appropriating plaintiff's rights and property; that by the expenditure of large amounts of money plaintiff has conducted a campaign of

advertising of which she is now trying to take advantage through the new corporation. She denies that she is endeavoring to vend her goods as plaintiff's.

On the papers here an injunction *pendente lite* may not be granted on the theory that she is unfairly competing with plaintiff. The names " Elize Costume Co., Inc.," and " Mme. Elize, Inc.," are not so similar as to deceive a buyer of ordinary observation in a trade where no likelihood of confusion between producers or their products is indicated.

Respondent also contends that plaintiff acquired the rights which it sets up and seeks to set up in this action by the purchase of Mme. Elize's block of stock for the sum of $88,000. It appears that nothing was included for good will in the book valuation of the stock of plaintiff corporation while Mme. Elize was connected with it; and that Mme. Elize did not make a grant to plaintiff which would exclude her from using her name in competition with plaintiff.

It is fair to assume, from an examination of the price paid for the stock which belonged to her and her husband, that it included nothing for the use of her name, but was the book value of other business assets which belonged to plaintiff.

We think the court at Special Term was in error in assuming that, on the showing made on this application, the established law inhibited the use of the name Mme. Elize by a corporation competing with plaintiff.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, FINCH and McAVOY, JJ., concur; CLARKE, P. J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.