## The Cleveland Opera Co. *v.* The Cleveland Civic Opera Assn., Inc.

*Unfair competition—Injunction against use . of similar trade-name—Evidence necessary of probability of confusion—No monopoly of geographical or descriptive words—Such words not barred in trade-name when—Use of "Cleveland Civic Opera Assn." enjoined by Cleveland Opera Company—Injunction, without evidence, where confusion results from substantially similar names—Defendant corporation's organization not completed or business transacted.*

1. In suit to enjoin use of name similar to plaintiff's, evidence must be of strong and convincing nature on question of probability of confusion.

2. There can be no monopoly in trade-name of words geographical or descriptive.

3. Words geographical or descriptive are not barred in a trade-name, unless in connection with other words they are precisely or so substantially similar that deception would arise.

4. Defendant's name, the Cleveland Civic Opera Association, Incorporated, *held* to be so substantially similar to plaintiff's name of the Cleveland Opera Company that use thereof would amount to unfair competition; word "Civic" meaning city, citizen, or citizenship, adding nothing to geographical word, Cleveland, and "Association" being essentially a company.

5. Equity, without other evidence, will enjoin use by a competitor of name which is so substantially similar that it causes confusion and thus unfair competition.

6. Enjoining use of name by defendant of the Cleveland Civic Opera Association, Incorporated, as similar to plaintiff's name of the Cleveland Opera Company, *held* proper, although defendant's organization had not been completed, and no attempt had been made to transact business.

(Decided November 8, 1926.)

OHIO APPELLATE REPORTS.      401

App.]    Clev. Opera Co. *v.* Clev. C. Opera Assn.

APPEAL: Court of Appeals for Cuyahoga county.

*Messrs. Garfield, MacGregor & Baldwin,* for plaintiff.
*Messrs. Wilkin, Cross & Daoust,* for defendant.

SULLIVAN, J. This cause is here on appeal from the court of common pleas of Cuyahoga county, and it is sought by the plaintiff, the Cleveland Opera Company, 1029 National City building, Cleveland, Ohio, to prevent by injunction the use by defendant of the name the Cleveland Civic Opera Association, Incorporated, eleventh floor, Union Mortgage building, Cleveland, Ohio, on the ground that because of the similarity in the names the public will be confused and misled as to which company or association it is dealing with, and it is claimed that thereby there will be a diversion to the defendant of the patrons of plaintiff acquired by about four years of effort in establishing its purpose and identity with the public.

The plaintiff was incorporated August 7, 1920, and the defendant September 24, 1924, and on the part of the latter, with the exception of filing the articles of incorporation, no organization was perfected, and no attempt in any wise of a substantial nature was made to transact business with the public. During the period of time between the incorporation of the plaintiff and defendant, to wit, about four years, the record shows that the plaintiff had fully established itself with the public, and its name, to a substantial extent, had become identified in musical circles, and the company had

402 OHIO APPELLATE REPORTS.

Clev. Opera Co. *v.* Clev. C. Opera Assn. [22 Ohio

received on numerous occasions wide and creditable patronage from the public in Cleveland and elsewhere.

The plaintiff's petition prays that the defendant be perpetually enjoined from using the words "Cleveland" and "Opera" in combination in a name such as it has adopted, or in any other wise that will be similar to or in conflict with the name, "The Cleveland Opera Company," and for such other equitable relief as may be proper.

The defendant admits that its primary purpose is that of producing and presenting operas in the city of Cleveland and elsewhere, and that a protest against the use of its name was made to the defendant and to the secretary of state.

As to the other allegations in the petition, substantially speaking, there is a general denial, so that if there is an absence of any record as to rivalry or competition in business, the question must be decided from an analysis of the names themselves, for it is claimed that the similarity between the names, "the Cleveland Opera Company," and "the Cleveland Civic Opera Association, Incorporated," is so manifest that the public will be confused thereby, and that as a result thereof unfair competition will ensue, to the irreparable mischief of the plaintiff.

But there is a record to examine.

Plaintiff's counsel contend that the court may grant the relief prayed, even though the record is silent as to any proof of unfair competition or damage resulting therefrom, for the reason that it is only necessary to prove a mere probability

OHIO APPELLATE REPORTS.          403

App.]      Clev. Opera Co. *v.* Clev. C. Opera Assn.

that confusion of names will arise and that the public will be misled as to the identity of the company or association. This proof, however, must be substantial. Resort is here had to an extraordinary remedy known as the injunctive process, and to secure the relief prayed for the evidence, not only in this case, but in all causes of like character, must be of a strong and convincing nature on the question of probability of confusion. Under the authorities, as we apply them to this point in the case at bar, the evidence may not be fanciful or conjectural, for then it would not be a basis for substantial damages, and the degree of proof required must lead to damages of a substantial nature. Now does such character of proof arise from the similarity in the names themselves? Under the degree of proof required of the record where extraordinary remedies are sought is it possible to go beyond the limits of mere fancy or conjecture in an analysis of the names and record? Is it reasonably deducible from the names themselves that probability of confusion and doubt will arise in the minds of the public dealing with the parties? The proof, according to the contention of plaintiff's counsel, must be elevated to the point of probability. So we must look to the record as well as the names themselves.

In 38 Cyc., 773, Section 4, it is laid down that it is not necessary to show actual deception where there is a sufficient showing that deception will be the natural and probable result of defendant's acts. Now, with the record in this case, wherein there is a positive denial actually to compete, under the

404 OHIO APPELLATE REPORTS.

Clev. Opera Co. *v.* Clev. C. Opera Assn.    [22 Ohio

character of evidence required in injunction cases is it a reasonable deduction to say that confusion and unfair competition will be the natural and probable result of the similarity in the names, especially when under the authorities the court is not warranted in compelling the elimination of the word "Cleveland," because it is geographic, and of the name "Opera," because it is a word of description?

The great weight of authority is that there can be no monopoly in words of this character. Under the statute the defendant would be refused the use of both of these words if the remaining language was identical with that of the plaintiff company, but we think there is no authority that warrants the barring of words geographical and descriptive, unless in connection with other words they are precisely similar, or so substantially similar, that, in the face of proof, deception and confusion would arise, and therefore unfair competition. Now is there a substantial similarity in the names? This question assumes that we do not leave out of consideration the two words above mentioned, which defendants have a right to use providing they do not merge into identity with plaintiff.

We must keep in mind, however, that while there is no monopoly in the use of geographical and descriptive words, such as the word "Cleveland" and the word "Opera," yet these words are banned under the authorities if when used in connection with the other words constituting the name they result in apparent or obvious confusion, or by

OHIO APPELLATE REPORTS.                405

App.]     Clev. Opera Co. v. Clev. C. Opera Assn.

inference tend in that direction to such extent that there is a probability that by reason of confusion unfair competition may be the result—in other words, unfair competition arise as the child of confusion.

In the name of the defendant we notice the word "Civic." From an analysis of the definition of this word, and its modern application, it is substantially akin to the word "Cleveland," because it means city, citizen or citizenship, and pertains to the city or body politic. With this view in mind, the defendant does not add by the word "Civic" a new word in substance. It is not of such a distinct character that it distinguishes in meaning or substance the name of the defendant from the name of the plaintiff, because in its nature, as the word is now commonly used, it does not add to or subtract from the word "Cleveland." If a citizen is referred to as a man with civic pride, it means he is a part of the city of Cleveland—the things pertaining thereto. The attempt by the use of this word to distinguish between its name and that of plaintiff appears to us to be futile, and only reveals the imperative necessity under the law of characterizing the association by a name distinctively and substantively different from that of the plaintiff. Without question an identical name is prohibited. It follows that a name substantially similar might properly be the basis for injunctive relief.

Again, the use of the word "Association" is indistinctive, and does not differ from the meaning and character of the word "Company," used by

406          OHIO APPELLATE REPORTS.

Clev. Opera Co. v. Clev. C. Opera Assn.    [22 Ohio

the plaintiff, because an "association" is essentially
a "company," and thus there is nothing in its ap-
pearance or character that would fix it in a differ-
entiating manner in the mind of one reading it.
That the word "Incorporated" establishes a dis-
tinct difference cannot be claimed, because the very
name of the plaintiff indicates incorporation upon
its face, by the use at the beginning of the word
"The," and at the end of the word "Company."
So it seems to us from an analysis of the names
themselves that there is not that dissimilarity or
contrast that would attract the eye or the mind
of the public.

However, on the contrary, a comparison of the
two names indicates such a great similarity that
the ony probable result would be confusion, and,
if confusion, then, naturally and probably, unfair
competition.   Such a status makes applicable to
the case at bar the following authorities:

"Unfair competition is distinguishable from the
infringement of a trade-mark, in that it does not
necessarily involve the question of the exclusive
right of another to the use of the name, symbol,
or device copied or imitated.  A word may be
purely generic or descriptive, and so not capable
of becoming an arbitrary trade-mark, and yet
there may be an unfair use of it which will con-
stitute unfair competition."   *G. W. Cole Co.* v.
*American Cement & Oil Co.,* 130 F., 703, 65 C. C.
A., 105.

See, also, *American Brewing Co.* v. *Bienville
Brewery,* (C. C.), 153 F., 615, 616.

In *Dennison Mfg. Co.* v. *Thomas Mfg. Co.,* (C.

OHIO APPELLATE REPORTS.    407

App.]    Clev. Opera Co. *v.* Clev. C. Opera Assn.

C.), 94 F., 651, the fourth paragraph of the syllabus reads:

"The doctrine of unfair competition in trade rests on the proposition that equity will not permit any one to palm off his goods on the public as those of another. Unfair competition in trade as distinguished from infringement of trade-marks does not involve the violation of any exclusive right to the use of a word, mark or symbol. The word may be purely generic or descriptive, and the mark or symbol indicative only of style, size, shape or quality, and as such open to the public, *yet there may be unfair competition in trade by an improper use of such word, mark or symbol."* (Italics ours.)

"Unfair competition in trade is not confined to the imitation of a trade-mark, but takes as many forms as the ingenuity of man can devise. It may consist of the imitation of a sign, a trade-name, a label, a wrapper, a package, or almost any other imitation by a business rival of some distinguishing earmark of an established business, which the court can see is calculated to mislead the public and lead purchasers into the belief that they are buying the goods of the first manufacturer. The first question is whether there is an imitation in fact, and this must be determined by inspection of the rival symbols or devices. It is not to be expected, of course, that there will ever be an exact copy. The imitator will always seek to introduce enough differences to justify a claim that there has been no imitation, while incorporating enough similarities to carry the general effect of the original design to the mind of the unwary

408    OHIO APPELLATE REPORTS.

Clev. Opera Co. *v.* Clev. C. Opera Assn.    [22 Ohio

purchaser.'' *Manitowoc Malting Co.* v. *Milwaukee Malting Co.,* 119 Wis., 543, 97 N. W., 389.

In line with these authorities and many others similar thereto is *Cleveland Transfer & Carriage Co.* v. *Brailey,* decided October 28, 1912, and reported in 23 C. C. (N. S.), 486, 30 C. D., 673, wherein the court, acknowledging the right of a competitor to use the words ''Cleveland'' and ''Transfer,'' held that when they were used in such a manner as to create confusion a restraining order would lie. We quote from the syllabus as follows:

''There may be an unfair use for trade purposes of words which are not capable of being an arbitrary trade-mark or trade-name, because they are geographical or purely descriptive, but when used unfairly tend to create confusion on the part of the public as to goods or firms, and when so used and such confusion results, their use will be enjoined.''

It is contended by defendant that the right to use its name finds authority in this decision, and counsel for plaintiff also insist that this authority supports their cause. We think it is applicable to the state of the record, because it lays down the principle that where the record shows unfair competition, even then the use of geographical and descriptive words may be prohibited, even though not specifically so, for when the use of the entire name is enjoined its practical effect is the restraining of the use of these particular words.

It is claimed by defendant that this case does not apply, because in the *Cleveland Transfer case, supra,* there was evidence in the record of unfair

OHIO APPELLATE REPORTS.            409

App.]      Clev. Opera Co. *v.* Clev. C. Opera Assn.

competition, and by reason of this evidence alone
relief was granted to plaintiff. With this conten-
tion in mind, upon examination of the record in
the case at bar we find not only the inference of
confusion resulting from the similarity of the
names, but also find evidence from high authority
upon the question of confusion, and, strange to say,
this testimony is not refuted in any wise and
remains unchallenged in the record. This evidence
is found in the letter of the secretary of state,
written after the filing of protest by the plaintiff
with the state department as well as with defend-
ant, which in effect designates that the names are
so similar that confusion will result. That is the
implication by the language of the letter, semi-
apologetic in its nature, for allowing the filing of
the articles of incorporation without detecting the
similarity.

Under the statute the identical name is pro-
hibited, and it follows that a court of equity hav-
ing in mind the same intent and purpose as the
Legislature would enjoin the use by a competitor
of a name which is so substantially similar that it
would cause confusion, and thus unfair competition.

Another significant fact in the letter is the ad-
mission that the enterprise of the defendant is to
engage in the production of opera, and this pur-
pose is identical with the purpose and intent of
the plaintiff.

With this view of the record in mind, we adopt
the former holding of this court in the *Cleveland
Transfer case, supra,* as the law applicable to the
case at bar. In the *Cleveland Transfer case* the

410  OHIO APPELLATE REPORTS.

Clev. Opera Co. *v.* Clev. C. Opera Assn.  [22 Ohio

court cites the case of *G. W. Cole Co.* v. *American Cement & Oil Co.*, 130 F., 703, 65 C. C. A., 105, and we find an excerpt from the opinion of that case which distinctly applies to the record in this case, which is as follows:

"Whether such confusion has been or is likely to be produced by the acts charged, is a question of fact to be resolved either by evidence of actual sales of the one product for the other, of actual mistake of one for the other, of fraudulent palming off of the one for the other, or, on the other hand, failing such evidence, by comparison of the two brands to determine whether the one can be readily mistaken for the other, even by the inattentive and unobserving retail purchaser."

Thus it is clear that even if there was no evidence in the record except the similarity of the names, the court could grant relief, when, after a comparison between the two, it reasonably appears that confusion will follow, and therefore unfair competition.

From a review of the authorities upon the subject under discussion it is clear that they are conflicting, but we think, after a review of all the cases, that 1 Thompson on Corporations, (2d Ed.), Sections 64, 66, and 69, reflects the law as approved by the great weight of the authorities, and we quote therefrom as follows:

"The rule now universally conceded and adopted is that equity will protect a corporation in the use of the name selected, adopted and used by it. This rule is applied not only where a subsequent corporation, adopts the precise name of an existing corporation, but also where there is great similarity

in the names, or where the resemblance is sufficiently close to raise a probability of mistake on the part of the public or where it is sufficient to show a design on the part of the imitating corporation to deceive and mislead.    *    *    *

"Under the second class of cases, where the name assumed is not identical, but similar, equitable relief is granted on a sufficient showing that injury would follow; and to justify relief in this class of cases it has been held that the injury must appear to be of a substantial character and not merely fanciful or conjectural. The rule seems to be that in the first class of cases it is sufficient, to invoke the aid of equity, to show that the names are identical and that the corporations are organized under the same law. In case of mere similarity of name, on the other hand, the proof must show the probability of substantial damage."

It is contended by defendant that no act has been done which can be interpreted into unfair competition, because it has done nothing but file its articles of incorporation and receive a certificate therefor. There has been neither organization by the stockholders nor the election or creation of a board of directors, nor has there been an election of officers, and, further, there has been no attempt in any manner to transact business. From these facts it is claimed that no act of unfair competition can follow.

However, this is a case in equity, and one of the vital principles thereof is that equity aids the vigilant. Under the record the plaintiff has been doing business with the public under its

charter for some four years, not only in its own locality, but in other places throughout the country. Instead of waiting for positive and overt acts on the part of the defendant before proceeding, it acted under the principle of equity just mentioned and applied to the courts for injunctive relief, and at a juncture when no injury can arise to the defendant if the relief be granted except the amendment, upon application, of its name, to eliminate the similarity complained of.

In judging the equity of this case a vital element to consider is the fact that no substantial harm can result to defendant, and it is not so clear that the plaintiff, under the record of the case, is so fortunately situated.

Holding these views, the prayer of the petition is hereby granted.

*Injunction allowed.*

LEVINE, P. J., and VICKERY, J., concur.