## Artiste Permanent Wave Co. v. Hulsman et al.

March 17, 1939.

Churchill Humphrey, Judge.

BURKE & LAWTON for appellant.

WOODWARD, DAWSON & HOBSON and FRANKLIN P. HAYS for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

The case is before us on second appeal. See 271 Ky. 695, 113 S. W. (2d) 55. It will not be necessary to restate the facts as they appeared on the first appeal; suffice it to say that in the original suit by appellant it was sought to enjoin the appellees from using the trade name "Art Beauty Shoppe," on the grounds that such use constituted an infringement on the rights of plaintiff in the use of the name "Artiste Beauty Shoppe."

The chancellor hearing the first case denied injunctive relief. On review we concluded that the name "Art Beauty Shoppe," under all the facts and circumstances related, being used by defendants was so similar in character and nature to the trade name of plaintiff as to constitute an infringement upon the trade name and rights of plaintiff, and reversed the judgment below.

On March 15, 1938, mandate from this court was filed in the lower court and the case was passed for orders to March 25, upon which date appellant filed an amended and substituted pleading in which it was alleged that defendants, recently and following the reversal, had abandoned the trade name "Art Beauty Shoppe" and adopted, and were using the name "Beaux-Art Beauty Salon."

It was alleged, as it had been in the original petition, that defendants were operating their business in the same building occupied by plaintiffs, and in the same rooms and by the same operators and under the same management as they had theretofore operated the Art Beauty Shoppe. It was asserted that defendants had been requested by plaintiffs to desist from the use of the adopted name, but the request had been met with refusal.

Other allegations essential to entitle plaintiffs to injunctive relief were made, practically and substantially in manner and form as had been done in their original petition. It was specifically alleged that the change in name was made for the purpose of defrauding and deceiving the public, and was done at the time to evade and avoid the effect of this court's opinion rendered on the first appeal.

There appeared in the substituted petition an alle-

gation which was not, nor could it have been, included in the original. It was averred that after the abandonment of the former, and adoption of the new name, the proprietors or managers advertised in the papers in the following manner: "Beaux-Art Beauty Salon, Formerly Art Beauty Shoppe," and the court was asked to enjoin this manner of advertising, because calculated to deceive the public, and in violation of this court's opinion rendered on the former appeal.

On its pleading it prayed that defendants be enjoined from using the adopted name, and from using any name employing the word "Art," and from further advertising in the manner above set out.

Following the filing of the substituted petition, accompanied by motions for permanent injunction, the court below, "in compliance with the opinion of the Court of Appeals herein," permanently enjoined defendants from using the (abandoned) name, Art Beauty Shoppe in any manner in connection with the operation, advertisement, or otherwise, of their business of a beauty parlor establishment in the City of Louisville, and from advertising such business in any other name as "Formerly Art Beauty Shoppe" and from adopting any other name so similar to Artiste Beauty Shoppe that might be calculated reasonably to be mistaken for or confused with plaintiff's said trade name.

This judgment was rendered on April 29, 1938, and it is evident that defendants conceived that the use of the trade name "Beaux-Art Beauty Salon" was not "calculated reasonably to be mistaken for or confused with plaintiff's trade name 'Artiste Beauty Shoppe'." It appears that the defendants continued the use of their adopted name, since on May 11, 1938, counsel for appellant filed his affidavit in which he stated that appellees had changed "their trade name * * * as alleged in the amended petition; that since the filing of the petition (March 25) they continued to operate said business and beauty salon" under the adopted name, and were operating in the same quarters in the Starks Building, under the same management and organization as they had formerly operated the Art Beauty Shoppe. It was stated in the affidavit that as soon as counsel learned, and "shortly after the mandate of the Court of Appeals was filed, he notified defendants * * * that plaintiff objected to the defendants' use of the adopted name in

conducting their business in the Starks Building, and requested them to adopt and use a different name, with which request they refused to comply, expressing their intention to continue to use the name Beaux-Art Beauty Salon, which name they have listed in the telephone directory; in the building directory; advertised in the newspapers, and upon a large sign on the door entering their place of business."

Upon the filing of this affidavit plaintiffs moved the court to issue a rule against defendants to show cause why they should not be punished for contempt by reason of the violation of the court's order entered on April 29, 1938, in using the name Beaux-Art Beauty Salon in the operation of their beauty parlor. The court upon the filing of the affidavit and motion, issued a rule against defendants, the substance of the order being as set out in the motion for rule.

The defendants entered their appearance to the rule, objected and demurred to same, without making further response thereto. The court sustained defendants' objection and demurrer to the rule, quashed same and "absolved" defendants from any contempt in the use of the words "Beaux-Art Beauty Salon" in alleged violation of the judgment of April 29, 1938. Plaintiffs objected, excepted, prayed and were granted appeal from the judgment entered on April 29, 1938, and from the order quashing the rule and absolving defendants from the alleged contempt.

Counsel, of course, does not complain of so much of the court's judgment as restrained the defendants from advertising their business under the adopted name as "Formerly Art Beauty Shoppe" but from so much of the judgment as failed to enjoin the adoption of the words "Beaux-Art Beauty Salon" and from so much of the later order as held that defendants were not in contempt in using the above words as their trade name. Both appeals present but a single question, and that in its last analysis is, whether or not the use of the name adopted by defendants is one likely to mislead customers, or as the court below and this court expressed the idea, "that may be calculated reasonably to be mistaken for or confused with plaintiff's trade name." Or as in other cases expressed, "Whether the similarity is such as to mislead a person using ordinary care and discrimination;" whether the public purchasing the

commodity or service in question will be deceived to the injury of the plaintiff.

We are limited to a consideration of the bare question stated, since it is apparent that the time elapsing between the adoption of the new name by defendants, and the proceedings under review was hardly of a period which would or could demonstrate whether or not in fact there had been confusion. "In close cases where the deceptive tendency is not clear, equity will withhold its hand until actual deception has resulted." Columbia Engineering Works v. Mallory, 75 Or. 542, 147 P. 542, 544.

It is not necessary to show actual confusion; it is sufficient to show that confusion is probable or likely to occur. Relief will be granted if it is shown that confusion is likely to follow even though there be no fraudulent intent in the adoption of a somewhat similar name. Charles S. Higgins Company v. Higgins Soap Company, 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769; Bissell Chilled Plow Works v. T. M. Bissell Company, C. C., 121 F. 357; Atlas Assurance Company v. Atlas Insurance Company, 138 Iowa, 228, 112 N. W. 232, 114 N. W. 609, 15 L. R. A., N. S., 625, 128 Am. St. Rep. 189.

In determining the question before us, is it not after all to be determined on impression? Of course we cannot escape the conclusion that the defendants were not acting in the best of faith in adding the words "Formerly Art Beauty Shoppe" after their adopted name. However, this is out of the way under the court's order enjoining defendants from the use, in any manner, of their former name in advertising their business. Of this they are not complaining, as there is no cross-appeal.

Various courts have laid down practically the same rule, though perhaps expressed by differing words and phrases, for determining whether the complaining party is likely to be injured in his established business, by the adoption and use of a similar name. "We may say, generally, that a similarity which would be likely to deceive or mislead an ordinary unsuspecting customer is obnoxious to the law." Celluloid Manufacturing Company v. Cellonite Manufacturing Company, C. C., 32 F. 94, 97.

"In any case, to entitle the complaining cor-

poration to an injunction, the name used by defendant, when not the same as that of plaintiff, must be so similar thereto that, under all the circumstances of locality, business, etc., its use, in itself, is reasonably calculated to deceive the public and result in injury to plaintiff, or else it must be used fraudulently in such a way as to have this effect." Umpqua Broccoli Exchange v. Um-Qua Valley Broccolli Growers, 117 Or. 678, 245 P. 324, 327.

Note: In this case the names were held not to be so similar as to deceive.

In Middletown Trust Company v. Middletown National Bank, 110 Conn. 13, 147 A. 22, 25, it was said:

"It is not sufficient that some person may possibly be misled, but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake the one for the other."

In Cleveland Opera Company v. Cleveland Civic Opera Association, 22 Ohio App. 400, 154 N. E. 352, 353, it is said:

"Resort is here had to an extraordinary remedy known as the injunctive process, and to secure the relief prayed for the evidence, not only in this case, but in all causes of like character, must be of a strong and convincing nature on the question of probability of confusion. Under the authorities, as we apply them to this point in the case at bar, the evidence may not be fanciful or conjectural, for then it would not be a basis for substantial damages, and the degree of proof required must lead to damages of a substantial nature."

Here there was no proof of confusion or likelihood of confusion, nor was such asserted in the supporting affidavit. There is compiled, following the case of Federal Securities Company v. Federal Securities Corporation, 129 Or. 375, 276 P. 1100, 66 A. L. R. 934, page 981, a long list of cases in which the courts have held names adopted and used by competitors, not to be so similar as to cause confusion or deceive the public. Among them we find: Amercan Bosch Magneto v. Robert Bosch Magneto Company, 127 Misc. 119, 215 N. Y. S. 387; British Vacuum Cleaner v. New Vacuum Cleaner, 2 Ch. Eng.

321. Note: The offices of the two companies were within two doors of each other. Elgin Butter Company v. Elgin Creamery Company, 155 Ill. 127, 40 N. E. 616; Elize Costume Company, Inc. v. Mme. Elize, Inc., 206 App. Div. 503, 201 N. Y. S. 545. The name adopted here by Madame, who had later entered the field, was "Mme. Elize, Inc."

We shall not add to the list, nor do we intend to say that the dissimilarity of the names used by the various corporations, supra, was in each case the sole basis on which the court found grounds for denying the relief, though in many of them the question was whether or not confusion would likely result.

In the case to which the notes referred to are appended (Federal Securities Company v. Federal Securities Corporation, supra), the court directed the defendant to renew a practice of using the phrase "of Illinois" in as large type as defendant's name. It held that the one company could not delegate solely to itself the use of the word "Federal," and "demand a complete exclusion when the latter bids entry, but must be content with such explanatory matter as will prevent deception, although it may not entirely eliminate confusion by the careless." [129 Or. 375, 276 P. 1108].

Without going into a discussion of the distinction of the use of generic words or terms, or key words, we are firmly of the conviction that by the adoption of the trade name "Beaux-Art Beauty Salon," defendants will not attract any of the old customers of the Artiste Beauty Shoppe, or attract any possible new customers, intending to patronize plaintiff, or serve in any way to confuse the public, or mislead any one looking in the telephone directory for the number or location of the Artiste Beauty Shoppe. It may be observed that persons seeking the character of services rendered by appellees and appellant, look more to some favorite operative rather than to the name of the concern.

We think the chancellor was correct in concluding that the use of the adopted name by the defendants was not of such similarity to that in use by plaintiffs as is calculated reasonably to be mistaken or confused with plaintiffs' trade name. It follows that we must and do affirm both orders from which appeal is taken.

Judgment affirmed.