Waldon TEETER, Plaintiff,

v.

IOWA–ILLINOIS GAS & ELECTRIC COMPANY, Defendant and Third-Party Plaintiff,

v.

GABE'S CONSTRUCTION COMPANY, Third-Party Defendant.

Calvin A. BLAGG, Plaintiff,

v.

IOWA–ILLINOIS GAS & ELECTRIC COMPANY, Defendant and Third-Party Plaintiff,

v.

GABE'S CONSTRUCTION COMPANY, Third-Party Defendant.

Civ. Nos. 721, 722.

United States District Court
N. D. Iowa,
Cedar Rapids Division.
Jan. 22, 1964.

John J. Shea and N. E. Lillios, Cedar Rapids, Iowa, for plaintiffs Waldon Teeter and Calvin A. Blagg.

E. H. Wadsworth and John K. von Lackum, Jr., Cedar Rapids, Iowa, for defendant and third-party plaintiff Iowa-Illinois Gas & Electric Co.

Jack M. Fulton, Cedar Rapids, Iowa, for third-party defendant Gabe's Const. Co.

McMANUS, Chief Judge.

This matter is before the court on the motions of the third party defendant, Gabe's Construction Company (Gabe's), filed January 2, 1964, to dismiss the third party complaint against said defendant in each of these actions and to dismiss the cause of action of plaintiff, Calvin A. Blagg, (Blagg), in its entirety, alleging that this court lacks jurisdiction of the subject matter in that suit. Resistance to the motions was filed by defendant, Iowa-Illinois Gas & Electric Company (Iowa-Illinois), on January 16, 1964.

Each of these actions was brought to recover for personal injuries resulting from the explosion of a heater vessel which was being tested. Plaintiffs were employed by Gabe's, which had contracted to do work for defendant including work on the heater vessel. Both actions were instituted in the District Court of Iowa, in and for Linn County at Cedar Rapids, and were removed to this court pursuant to defendant's petitions for removal, filed August 16, 1961, alleging diversity of citizenship and a disputed amount in excess of $10,000.00 in each suit. The third party defendant was made a party to these actions by an order of the court, entered October 18, 1963.

According to petitions filed when the actions were originated in the state court, plaintiff, Waldon Teeter (Teeter), is a resident of Bucklin, Missouri, and plaintiff Blagg a resident of Marion, Iowa. Defendant, in its petitions for removal, states that it is incorporated under the laws of the State of Illinois, and is not incorporated under the laws of Iowa; the petitions fail to allege the state in which defendant has its principal place of business. In its motion to dismiss, filed January 2, 1964, asserting lack of jurisdiction in the action involving Blagg, the third party defendant alleges that the defendant is an Illinois corporation having its principal place of business in Davenport, Iowa. The counter brief filed by defendant resisting this motion agrees that defendant is a citizen of both Illinois and Iowa. The reports on preliminary pre-trial conferences filed December 12, 1962, by parties in these matters state that no jurisdictional dispute is involved.

■■ Jurisdiction of the subject matter cannot be conferred upon a federal court by waiver, Burkhardt v. Bates, 296 F.2d 315 (8 Cir.1961); by consent of the litigants, American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950); or through their oversight or inaction, Eastern Metals Corporation v. Martin, 191 F.Supp. 245 (S.D.N.Y. 1960). The court on its own motion must notice and determine the existence of federal jurisdiction in a removed case and, in the absence of such jurisdiction, remand that case to the state court. Yarbrough v. Blake, 212 F.Supp. 133 (W.D. Ark.1962); Adams v. Ralph L. Smith Lumber Co., 181 F.Supp. 729 (N.D.Col. 1960); 1 Barron & Holtzoff, Federal Practice and Procedure, § 109.

■ For the purpose of defining the extent of the original jurisdiction of the district court in diversity cases, and for the purpose of determining what actions may be removed to the district court, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c) (1958). Where jurisdiction is premised on diversity of citizenship, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S. C.A. § 1441(b). Since a corporation is also a citizen of the state where it has

its principal place of business, a petition for removal which fails to allege as a jurisdictional fact the principal place of business of any corporation involved is defective and therefore an improper basis for the assumption of jurisdiction on the grounds of diversity of citizenship by the court on removal. Eubanks v. Krispy Kreme Donut Co., 208 F.Supp. 479 (E.D.Tenn.1961); Washington-E. Wash. Joint A v. Roberts & Schaefer Co., 180 F.Supp. 15 (W.D.Pa.1960); Roseberry v. Fredell, 174 F.Supp. 937 (E.D. Ky.1959); Browne v. Hartford Fire Ins. Co., 168 F.Supp. 796 (N.D.Ill.1959). A case cannot be removed by a corporation to a federal district court in the state in which the corporation has its principal place of business irrespective of its incorporation in another state, and the presence of diversity of citizenship and the jurisdictional amount in the action. Smith v. Voss Oil Co., 166 F.Supp. 905 (D.Wyo.1958).

The present status of the instant actions seems fraught with jurisdictional impediments. The petitions for removal of the defendant, Iowa-Illinois, fail to allege its principal place of business. If the principal place of business is in Iowa, the requisite diversity of citizenship is absent in the suit of plaintiff Blagg, and the court therefore lacks jurisdiction of the subject matter in that action. Furthermore, if the principal place of business of defendant is in Iowa, both actions were improperly removed from the Iowa state court and each must be remanded. If the removal of both cases was improper in its inception, the court's jurisdiction was never established; consequently, it lacked authority to order the bringing in of Gabe's as third party defendant in both actions. It is the duty of defendant, Iowa-Illinois, to establish the fulfillment of the statutory requirements prior to assumption of jurisdiction by the court on removal.

It is therefore

Ordered

In the event defendant, Iowa-Illinois, by not later than January 31, 1964, fails to amend its petitions for removal to allege its principal place of business to be in a state other than Iowa, both actions are remanded to the District Court of Iowa, in and for Linn County at Cedar Rapids, the third party complaints against Gabe's Construction Company in both actions are dismissed without prejudice, and the costs of the improper removal are assessed against defendant, Iowa-Illinois.