**Heinz FISCHER and Lisette Fischer, copartners, d/b/a Holiday Inn, Plaintiffs,**

v.

**HOLIDAY INN OF RHINELANDER, INC., and Holiday Inns of America, Inc., a/k/a Holiday Inns, Inc., Defendants.**

**No. 73-C-28.**

United States District Court, W. D. Wisconsin.

Oct. 3, 1973.

George A. Richards, Tinkham, Smith, Bliss, Patterson & Richards, Wausau, Wis., for plaintiffs.

James L. Kurtz, Washington, D. C., J. G. Bambrick, Jr., Pope, Ballard, Shepard & Fowle, Chicago, Ill., Lorence D. Wheeler, Aberg, Bell, Blake & Metzner, Madison, Wis., for defendants.

JAMES E. DOYLE, District Judge.

Plaintiffs brought this civil action for injunctive and monetary relief in the Circuit Court of Oneida County, Wisconsin. Defendants removed it to this court, claiming original federal jurisdiction. of the action under 15 U.S.C. §§ 1121, 1125(a) and 28 U.S.C. §§ 1331, 1338. Plaintiffs' motion for a preliminary injunction is presently pending.

The complaint filed in the Circuit Court of Oneida County alleges that plaintiffs operate a dining room, cocktail lounge, and motel in Minocqua, Wisconsin, known as the "Holiday Inn" [hereinafter HI–M]; that plaintiffs and their predecessor have continuously operated this business at this location since 1942; that in November, 1972, plaintiffs registered the trade-name "Holiday Inn" pursuant to Wisconsin law; that defendant Holiday Inn of Rhinelander, Inc. [hereinafter HI–Rh] is a Wisconsin corporation and a franchisee or subsidiary of defendant Holiday Inns of America, Inc.; that HI–Rh commenced business activities on or about December 1, 1972; that HI–Rh offers dining, drinking, and motel services; that HI–Rh competes with HI–M in the Rhinelander-Minocqua trading area; that HI–M and HI–Rh are confused in the minds of the public; that through this confusion HI–Rh deals off the established goodwill of HI–M; that HI–Rh's use of the words "Holiday Inn" is an unfair trade practice and a violation of Wisconsin trademark laws.

After removal, defendant Holiday Inns of America, Inc., filed a counterclaim seeking a declaration of its right to use its federally registered service mark "Holiday Inn" in Rhinelander. The counterclaim arises under the Lanham Trademark Act, 15 U.S.C. § 1051 et seq.

## JURISDICTION

■ Defendants' petition for removal apparently relies on the first sentence of 28 U.S.C. § 1441(b), set out below.[1] Plaintiffs have not objected to removal. I must determine, nonetheless, whether the case has been properly removed to this court. "Jurisdiction of the subject matter cannot be conferred upon a federal court by waiver [citation omitted], by consent of the litigants [citation omitted], or through their oversight or inaction [citation omitted]. The court on its own motion must notice and determine the existence of federal jurisdiction in a removed case and, in the absence of such jurisdiction, remand that case to the state court [citation omitted]." Teeter v. Iowa-Illinois Gas & Electric Company, 237 F.Supp. 961, 962 (N.D.Iowa, 1964); accord, Minnesota v. Northern Securities, 194 U.S. 48, 62–63, 24 S.Ct. 598, 48 L.Ed. 870 (1904). The statutory basis for remanding an improperly removed case is 28 U.S.C. § 1447(c), set out below.[2]

The first sentence of 28 U.S.C. § 1441(b), the "federal question" removal statute, requires that the federal district court have original jurisdiction of the action "founded on a claim or right arising under the Constitution, treaties or laws of the United States." Standards for determining the presence of original federal question jurisdiction are set out in Gully v. First National Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936):

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action [citations omitted]. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another [citation omit-

---

1. 28 U.S.C. § 1441(b) provides:

   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2. 28 U.S.C. § 1447(c) provides:

   If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

ted]. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto [citations omitted], and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal [citations omitted].

An exception to the requirement that the federal question appear on the face of the complaint is found where the state law giving rise to the action has been pre-empted by federal law. Such federal pre-emption exists in the area of collective bargaining agreements affecting interstate commerce. Fay v. American Cystoscope Makers, 98 F.Supp. 278 (S.D.N.Y.1951); cf. Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); Textile Workers Union v. Lincoln Mills, 353 U. S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

An argument for a further exception to this requirement has been made to several federal courts. The exception proposed would allow removal on federal question grounds, regardless of plaintiff's characterization of the state court action, whenever the allegations of the complaint are sufficient to base a federal claim thereon.

■ Turning to HI–M's state court complaint, I find that no federal claim appears on its face. It contains one count based on unfair trade practice and one count based on Wisconsin statutory trademark law. The unfair trade practice claim states a cause of action under Wisconsin law. Manitowoc Malting Co. v. Milwaukee Malting Co., 119 Wis. 543, 97 N.W. 389 (1903).[3] I conclude that the

action is not removable under the *Gully* standards.

§ 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), created a federal tort of unfair competition.[4] The Court of Appeals for this circuit has held that § 1125(a) does not pre-empt the state law of unfair competition and trademark infringement. City Messenger of Hollywood v. City Bonded Mess. Serv., 254 F.2d 531, 533–534 (7th Cir. 1958); Radio Shack Corporation v. Radio Shack, 180 F.2d 200, 202 (7th Cir. 1950). Therefore, I conclude that this action cannot be removed under the exception set out in *Fay, supra.*

Assuming for the purpose of this motion only that the allegations of the complaint would be sufficient to state a claim under § 1125(a), I must decide whether removability turns on those allegations or on plaintiffs' characterization of their cause of action. Several lower federal courts have decided this question in a context identical to that present here. Five district court opinions have held the plaintiff's characterization determinative. Cue Publishing Co. v. Colgate-Palmolive Co., 233 F. Supp. 443 (S.D.N.Y.1964); J. H. Smith Co. v. Jordan Marsh Co., 161 F.Supp. 659 (D.Mass.1958); Fluidless Non-Tact Lenses v. Klear Vision Con. Lens Sp., 158 F.Supp. 145 (S.D.N.Y.1958); M. & D. Simon Co. v. R. H. Macy Co., 152 F. Supp. 212 (S.D.N.Y.1957); Old Reading Brewery v. Lebanon Valley Brewing Co., 102 F.Supp. 434 (M.D.Pa.1952). These opinions reasoned that the plaintiff's choice of state law as the basis of the action [5] and of state court as the forum were to be respected.

---

3. "Unfair competition in trade is not confined to the imitation of a trade-mark, but takes as many forms as the ingenuity of man can devise. It may consist of the imitation of a sign, a trade-name, a label, a wrapper, a package, or almost any other imitation by a business rival of some distinguishing earmark of an established business, which the court can see is calculated to mislead the public and lead purchasers into the belief that they are buying the goods of the first manufacturer." 119 Wis. at 546, 97 N.W. at 390.

4. Federal courts have differed over the precise dimensions of § 1125(a). There appears to be agreement that, at least, it gives rise to an independent federal action for unfair competition involving trademark and tradenames. *See* Apollo Distributing Company v. Apollo Imports, Inc., 341 F.Supp. 455, 458 (S.D.N.Y.1972) and cases cited in footnotes 8–10 therein.

5. Further support of the plaintiff's right to choose between federal law and state law bases for his action is found in The Fair v.

The view that the factual allegations determine removability apparently has been adopted in one district court opinion and recently affirmed by the Second Circuit. Beech-Nut, Inc. v. Warner-Lambert Company, 346 F.Supp. 547 (S.D.N.Y.1972), aff'd 480 F.2d 801 (2nd Cir. 1973). Neither *Beech-Nut* opinion offers any explanation of this holding or mentions the line of contrary authority cited above. Without knowledge of the pleadings in *Beech-Nut,* I cannot assume that it represents a rejection of the prior contrary authority.[6]

I agree with the reasoning of the *Cue Publishing* line of decisions and find further support for their conclusion in the rule of Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). That rule provides that an action based on state law is not removable because of a defense based on federal law. Allowing removal of the present action would enable defendants to circumvent the *Mottley* rule. The plaintiffs are pursuing state law claims and the defendants are opposing these claims with, *inter alia,* their rights under federal trademark law. If removed, plaintiffs' claims would still be governed by state law. *City Messenger of Hollywood, supra.* Thus removal would result in a federal court trying a state law action which is opposed by a federal defense. Such a result would serve only the defendants' interest in having the initial determination of their federal defense by a federal court. That interest as a ground for removal was explicitly rejected by *Mottley.*

I conclude that plaintiffs' characterization of their complaint as a state law action, in the absence of federal preemption, is determinative for the purpose of removal on the basis of original federal question jurisdiction. Such jurisdiction is not present and the action is not removable.

## ORDER

Accordingly, it is hereby ordered that this action is remanded to the Circuit Court of Oneida County without assessment of costs; however, this order is to become effective at noon, October 24, 1973.

---

Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed.2d 716 (1913): "[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the . . . law of the United States by his declaration or bill."

6. Whatever its meaning, the Second Circuit's *Beech-Nut* decision has not been adopted in this circuit and does not control here.