**JENNINGS CLOTHIERS OF FORT DODGE, INC., d/b/a Model Clothing, Plaintiff,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, Kelley Insurance Agency, Frank Cooley and M. F. Bank and Company, Inc., Defendants.**

**No. 1C 80–3033.**

United States District Court, N. D. Iowa, C. D.

Sept. 11, 1980.

Marc D. Arends, Humboldt, Iowa, for plaintiff.

Ross H. Sidney, Stephen D. Hardy, Dennis D. Jerde, Steven L. Nelson, Des Moines, Iowa, for defendants.

McMANUS, Chief Judge.

This matter is before the court on plaintiff's resisted motion for remand, filed July 7, 1980. Granted.

This action, involving a claim on a fire insurance policy, was originally commenced in Webster County District Court. Defendant United States Fidelity & Guaranty Company (USF&G), a corporation, received its copy of the original notice and petition on June 5, 1980, and on June 25, 1980, it filed a petition for removal with this court based on diversity jurisdiction. Plaintiff now seeks remand for several reasons, one of which was the failure of USF&G to specifically allege in its removal petition the state of its principal place of business, a failure USF&G acknowledged in its responsive pleadings and memoranda to this motion. USF&G now requests permission to amend its petition for the purpose of adding an allegation that its principal place of business is not Iowa. Alternatively, USF&G suggests that the court can take judicial notice of the fact that Iowa is not its principal place of business.

The removal of a lawsuit to federal court is a creature of statute and as such must strictly comply with the applicable statutes. *Alabama ex rel. Flowers v. Robinson*, 220 F.Supp. 293 (N.D.Ala.1963); *Arkansas v. Howard*, 218 F.Supp. 626 (E.D. Ark.1963). Section 1446(a) of Title 28, United States Code, requires that a petition for removal contain a "short and plain statement of the facts which entitle" the defendant to removal. One of the required allegations in the removal petition of a corporate defendant is the corporation's state of principal place of business. 28 U.S.C. §§ 1441, 1332(c); *Teeter v. Iowa–Illinois Gas & Electric Co.*, 237 F.Supp. 961 (N.D. Iowa 1964). Where removal is based on diversity of citizenship and this allegation is missing, a federal district court does not have jurisdiction of the case and must either dismiss it or remand it. *Id.*

USF&G's suggestion that the court take judicial notice of its principal place of business is rejected as inconsistent with the rules of strict compliance with jurisdictional statutes. Likewise, USF&G's request for permission to amend its removal petition is denied; the court lacks jurisdiction to grant this request. If the time for filing the removal petition had not already expired, the court would be of a different mind in this regard. *See William Kalivas Constr. Co. v. Vent Control of Kansas City, Inc.*, 325 F.Supp. 1008 (W.D.Mo.1970).

It is therefore

ORDERED

Granted.