**James H. ASHLEY and Bonnie Ashley**

v.

**SOUTHWESTERN BELL TELE-
PHONE COMPANY et al.**

**Civ. A. No. 76 CA 31.**

United States District Court,
W. D. Texas,
San Antonio Division.

April 6, 1976.

Pat Maloney, San Antonio, Tex., for plaintiffs.

Hubert W. Green, Green & Kaufman, Jack Hebdon, Groce, Locke & Hebdon, James E. Barden, San Antonio, Tex., for defendants; Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel.

## OPINION

CLARY, Senior District Judge.

Upon consideration of all of the Briefs, Reply Briefs, Supplemental Briefs, Memoranda, and Oral Arguments concerning plaintiffs' motion to remand, the Court is convinced that this case was removed improvidently from the State Courts and that the Federal District Court is without jurisdiction to hear it. In accordance with Title 28, U.S.Code, Section 1447(c), this case must be remanded to the State Court for further proceedings.

Plaintiffs began this action with a petition in the District Court of Bexar County, Texas. They alleged an invasion of their "constitutional, contractual and inalienable rights of privacy" by the defendant telephone company and its officers as a result of the defendants' disclosure of certain confidential telephone records and as a result of possible "wire taps." The disclosures were alleged to be in violation of "the law, State, Federal, and Regulatory, as well as the rules of the Defendants." Defendants removed the case to Federal Court under 28 U.S.C., section 1441(a) and (b), asserting that plaintiffs' claims arose under the Constitution and laws of the United States and that the Federal District Courts had original jurisdiction of the controversy under 28 U.S.C., section 1331(a). Plaintiffs have moved this Court to remand the case to State Court, because allegedly this action is brought exclusively under Texas tort law of invasion of privacy, and the Court, therefore, would have no jurisdiction.

At the outset, we note that no party contends in this case that federal jurisdiction may be predicated upon diversity of citizenship. From the petition it appears that all parties are citizens of the State of Texas, so that removal would be proper in this case only if a federal question is involved. Whether removal was improvident or not depends entirely in this case, therefore, upon the characterization of the complaint as either presenting essentially a federal claim or presenting only a claim under state law. In this regard, we note additionally that while plaintiffs have not cited the Communications Act of 1934 in their complaint, the acts complained of in their petition could give rise to liability under the provisions of that Act. *See,* 47 U.S.C. §§ 605, 206, 207 and 414. Thus, federal jurisdiction could appear regardless of plaintiffs' eschewing such characterization of their petition.

The leading case on the law of removal jurisdiction is the case of *Gully v. First Nat. Bank of Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The Supreme Court stated in that opinion that for a suit to be removable 1) a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action; 2) the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another; 3) a genuine and present controversy, not merely a possible or conjectural one, must exist as to such right or immunity; 4) the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal; and 5) the complaint must be confined to a statement of plaintiff's cause of action without anticipation of any probable defense. These principles have remained the law of removal since *Gully* and have only been elaborated upon in subsequent cases.

Pursuant to *Gully*, the role of the Federal District Court in considering the propriety of removal is always to look to the essence or real nature of the claim asserted in the complaint to ascertain whether it involves a federal question, regardless of whether it is so characterized. In this regard, courts have proposed for themselves a hypothetical and ideal complaint that presents only the well-pleaded facts on its face and have restricted their consideration to its claims. *See, Armstrong v. Alliance Trust Co.*, 126 F.2d 164 (5th Cir. 1942). Neither artful or inartful pleading, nor inadvertence, mistake, or fraud can keep the Federal Courts from their appointed task of reaching the real nature of the claim asserted in plaintiff's complaint and uncovering any lurking federal question. *See, Avco Corp. v. Aero Lodge No. 735*, 376 F.2d 337 (6th Cir. 1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), *Porter v. St. Louis—San Francisco R.W. Co.*, 354 F.2d 840 (5th Cir. 1966), *Romick v. Bekins Van Storage Co.*, 197 F.2d 369 (5th Cir. 1952), and *Nance v. Jackson*, 56 F.R.D. 463 (M.D.Ala.1972).

Although the court's role is to pierce the veil of plaintiff's complaint, plaintiff is still the master of his own complaint as to what law he will rely upon, *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1912), and absent fraudulent concealment of a federal claim, he has the right to choose by the allegations of his complaint the removability of his case. *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 95 (10th Cir. 1970). Removal is always proper where the real nature of the claim asserted in the complaint is federal, but where plaintiff has a choice of relying on state law and does so rely, there can be no removal except on the basis of diversity. *City of Galveston v. Int'l. Organization of Masters, Mates and Pilots*, 338 F.Supp. 907, 909 (S.D.Tex.1972).

Removal Statutes should be given strict construction, because the congressional policy is to limit removal out of regard for the rightful independence of state governments. *See, La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (3rd Cir. 1974) *cert. den.* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). Thus, mere reference to the Federal Constitution, laws or treaties are not adequate to disclose a federal question, instead the pleadings must spell out a claim integrated with a Federal statute or the Constitution. *Chambers-Liberty Counties Nav. Dist. v. Parker Bros. & Co.*, 263 F.Supp. 602 (S.D. Tex.1967), *McCartney v. State of West Virginia*, 156 F.2d 739 (4th Cir. 1946). Also, a federal question merely incidental or collateral to the main controversy is not sufficient to serve as a basis for removal jurisdiction. *Armstrong v. Alliance Trust Co.*, 126 F.2d 164, 167 (5th Cir. 1942).

There are two core areas where the removability of a case is conceptually easy to determine: on one hand are the cases where federal law has preempted the field and federal question jurisdiction is clear, *See, Sylgab Steel & Wire Corp. v. Strickland Transportation Co., Inc.*, 270 F.Supp. 264 (E.D.N.Y.1967); on the other hand are the cases where federal law is merely tangentially or collaterally relevant because it creates no rights in the plaintiff or is not an element essential to plaintiff's recovery. *See, Crow v. Wyoming Timber Products Co.*, 424 F.2d 93 (10th Cir. 1970), *Chambers-Liberty Counties Nav. Dist. v. Parker Bros. & Co., supra*, and *Romick v. Bekins Van & Storage Co., Inc.*, 197 F.2d 369 (5th Cir. 1952). Many cases, including the present one, fall in the grey area between these illuminated spots.

The instant case does not fall into the first core area, because the Communications Act of 1934 does not purport to preempt state law in the area of remedies for invasion of privacy. In 47 U.S.C., section 414, federal law provides:

Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or

by statute, but the provisions of this chapter are in addition to such remedies.

Under the Act, federal remedies, therefore, are cumulative to those already existing at common law or by statute. *See, Curran v. Mackay Radio & Telephone Co.*, 123 F.Supp. 83, 91 (S.D.N.Y. 1954). While the national government may have preempted the field in regulation of telephone and wire communication systems under the Communications Act, the Act was not designed as a new code for the adjustment of private rights. *Cable Vision, Inc. v. KUTV, Inc.*, 211 F.Supp. 47, 56–57 (D.Idaho 1962) *rev'd* on other grounds, 335 F.2d 348 (9th Cir. 1964) *cert. den.* 379 U.S. 989, 85 S.Ct. 700, 13 L.Ed.2d 609 (1965). Specifically, state tort law of invasion of privacy was not preempted by the federal scheme, and no attempt was made to impose uniformity in this area of state law.

Plaintiff has brought to the attention of the Court the appropriate Texas case law of *Billings v. Atkinson*, 489 S.W.2d 858 (Tex.1973), which allows plaintiff to recover for the tort of invasion of privacy from wiretaps. This state law would be controlling in either state or federal court as to any allegations of tortious invasion of privacy, and federal remedies under the Act would only be in addition to state remedies. The federal remedies would not prevent plaintiffs' pleading of only state causes of action and recovering only under the measure of damages provided by state law for invasion of privacy. Since federal remedies are not exclusive, plaintiff may choose to rely on state law.

The case of *Fischer v. Holiday Inn of Rhinelander*, 375 F.Supp. 1351 (W.D.Wis. 1973), seems to provide the best guide in the grey area outside federal preemption. In *Fischer*, the Court held in a trademark and unfair trade practice suit that in the absence of federal preemption the plaintiffs' characterization of their complaint as a state law action was determinative for the purpose of removal on the basis of federal question jurisdiction. The Lanham Trade-Mark Act, 15 U.S.C. § 1125(a), created a federal tort of unfair competition, but it had been held by the Court of Appeals not to preempt state law of unfair competition. In that case, therefore, the suit was remanded to state court, because despite the availability of federal remedies, plaintiffs had alleged only violations of Wisconsin trademark laws, and no federal claim appeared on the face of the complaint.

Plaintiffs in the instant case seem to be in the same position as plaintiffs were in *Fischer, supra*. On the face of their complaint to which we are restricted under *Gully, supra*, plaintiffs here have asserted a state law claim which is not preempted by federal law. Since the claim is under state tort law, state law will govern the action whether it is tried in federal or state court. Plaintiffs have made a choice to ignore their federal claims and to pursue only their state claims, and they have selected their forum. The reasonable course for the Court in such circumstances seems to be to respect both plaintiffs' characterization of their cause of action and plaintiffs' choice of forum. Evaluation of the plaintiffs' strategy is not up to the Court as long as it does not consist of fraudulent concealment, and no matter how inartistically drawn are the allegations of the instant plaintiffs' petition, no fraud appears or has been suggested in this case. Plaintiff is master of his complaint, and if he elects not to sue on his federal rights, the court cannot force such suit by rewriting his complaint.

Defendants have cited the Court to several opinions that have held removal proper even though the complaint was drawn to reflect a state cause of action. In two of these cases, *Talbot v. National Super Mkts. of La.*, 372 F.Supp. 1050 (E.D.La.1974) and *S. & H. Grossinger, Inc. v. Hotel Employees, Local 343*, 272 F.Supp. 25 (S.D.N.Y.1967), the controversy involved federal labor law which had been held to preempt comparable state laws, and the preemption exception, therefore, applied. In *Nance v. Jackson*,

**1394**

56 F.R.D. 463 (M.D.Ala.1972), the Court found a federal question despite the plaintiff's contrary characterization because there was no controlling state law on the issue of reapportionment and the language of the complaint was "obviously patterned after that found in federal reapportionment cases." [56 F.R.D. at 467]. The unusual facts and nature of the *Nance* case make its holding and result inapposite to the instant case, because in the present case there is controlling state law and the cause of action is one generally litigated under state tort law. The *Fischer* case, *supra*, therefore, appears to be a more felicitous precedent to guide the court in this controversy. The rule appropriate to this case, therefore, is that in the absence of preemption by available federal causes of action, the plaintiffs' characterization of their complaint as giving rise only to state claims is determinative for the purpose of removal on the basis of federal question jurisdiction.

Since the plaintiffs' petition alleges only a state cause of action which is not preempted by federal law, no federal question appears on the face of the petition and this court is without jurisdiction. Removal, therefore, was made improvidently and this case should be remanded to the state court. This result is in keeping with the Congressional policy of restricting removal and maintaining due regard for coordinate levels of state government.

A separate appropriate Order will be entered remanding the case to the District Court for the 37th Judicial District of Bexar County, Texas.