**Edgar J. WALKER**

v.

**IDECO, David Thomas.**

**Civ. A. No. B–86–205–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 22, 1986.

Woodson E. Dryden, Dryden, Watson, Grossheim & Jamail, Beaumont, Tex., for plaintiff.

Theresa Tuerff, Washington, D.C., Jones, Day, Reavis & Pogue, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff Edgar J. Walker filed this lawsuit in state court, alleging tortious conduct as a result of the defendant's verbal attack during an investigatory proceeding while plaintiff was employed by the defendants. The case was subsequently removed to federal court, and is presently before this court on three motions:

(1) Plaintiff's motion to remand;

(2) Defendant's motion for summary judgment;

(3) Plaintiff's motion for leave to file an amended complaint.

The court finds that this case should be remanded to the County Court at Law of Jefferson County, Texas, and therefore declines ruling on the latter two motions.

## I. FACTS

Plaintiff, a member of the Oil, Chemical and Atomic Workers International Union (OCAW), was employed by defendant Ideco (Ideco) as a fitter-welder. During plaintiff's employment at Ideco, plaintiff's truck received an overspray of paint while parked on the street outside the Ideco plant. Plaintiff sought payment from Ideco to recover the costs of removing the paint, but was informed that Ideco refused to pay, since plaintiff had parked at his own risk in an unauthorized area.

Plaintiff subsequently filed a claim with his insurance carrier for damages to his truck from the paint overspray, and received $669 to cover the costs. Plaintiff paid Archie Conner (Conner), a friend and Ideco employee, $300 to complete the work on his truck. Upon completion of the repairs, plaintiff was asked by his insurance company to substantiate the costs of repairs. Plaintiff provided receipts for miscellaneous paint supplies, plus a handwritten, signed receipt from Conner, which stated, "I, Archie Conner, painted Edgar J. Walker's truck for $500 labor. He supplied paint and other materials."

Being subrogated to plaintiff's claim, plaintiff's insurance company then sought reimbursement from Ideco for the payment to plaintiff. Ideco's management investigated the subrogation claim and determined on December 19, 1985, that plaintiff paid Connor only $300 instead of the $500 claimed, but Connor had agreed to sign a receipt for $500 at plaintiff's request. Based upon this information, plaintiff was requested to appear at Ideco's personnel office on the same day. During this meeting David Thomas, Ideco's Industrial Relations Manager, requested plaintiff to substantiate the figures in his insurance claim.

After plaintiff stated that he paid Conner $500 labor to repaint the truck, Thomas initiated a verbal attack upon plaintiff, calling him a "liar and fraud," and accusing him of being "dishonest and deceitful." Plaintiff filed suit in a Texas court, seeking damages by maintaining that these statements were deliberately made for the purpose of humiliating, embarrassing, degrading, and inflicting mental anguish upon plaintiff. Defendants have removed the case to federal court, alleging jurisdiction under § 301 of the Labor Management Relations Act (29 U.S.C. § 185), and that all of the factual background were the outgrowth of a "labor-management investigatory proceeding" and therefore a federal question is presented, conferring jurisdiction upon this court. Defendants now seek summary judgment on the basis that plaintiff's claim is preemped by federal law. Plaintiff has moved to remand the case to state court, and has also filed a motion for leave to amend his complaint.

## II. REMOVAL JURISDUCTION

Defendants contend that plaintiff's cause of action for intentional infliction of emotional distress arises solely from the statements made by defendant Thomas during the labor/management investigatory proceeding regarding plaintiff's subrogated insurance claim against Ideco, and, as such, maintain that plaintiff's claim raises questions of federal labor law preemption. Defendants therefore conclude that, since plaintiff's claim is inextricably intertwined with the grievance machinery of the collective bargaining agreement between Ideco and the OCAW, removal is justified pursuant to federal question jursidiction under § 301 of the Labor Management Relations Act. Defendants' position is untenable in the present case.

■ The leading case on the question of removal jurisdiction is the case of *Gully v. First National Bank of Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The Supreme Court in *Gully* indicated, *inter alia*, that a federal controversy must be disclosed upon the face of the complaint,

*unaided by* the defendant's answer, or *by a petition for a removal*, and without anticipation of any probable defense. Other cases elaborating upon these principles state that that the role of the federal court in considering the propriety of removal is to look to the essence or real nature of the claim asserted in the complaint to ascertain whether it involves a federal question and that artful pleading cannot keep the federal courts from this task. *Ashley v. Southwestern Bell Telephone Co.*, 410 F.Supp. 1389, 1392 (W.D.Tex.1976). Thus, under the "well pleaded complaint rule," federal jurisdiction is not created when the plaintiff's cause of action is preempted by federal law, because preemption is a defense, and not an element of the complaint. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468 (9th Cir.1984).

■ In the case at bar, the essence of plaintiff's complaint consists of a state law claim for intentional infliction of emotional distress. This alleged tort is not the product of the "artful pleading" of a federal claim as the defendant avers. Nor is plaintiff's claim so inextricably intertwined with the grievance machinery as to render jurisdiction upon this court. Plaintiff's claim does not flow from defendant's wrongful suspension or reprimand, but rather from a verbal attack upon plaintiff for pursuing his personal insurance claim. *See, Balzeit v. Southern Pacific Transportation Co.*, 569 F.Supp. 986, 990 (N.D.Cal.1983). In this respect, plaintiff's claim is only peripherally concerned with the merits of the underlying labor dispute. *Balzeit*, 569 F.Supp. at 989. Whether a claim for intentional infliction of emotional distress is preempted by the N.L.R.A. depends upon the extent to which defendant's conduct can be classified as "outrageous." *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977); *Beers v. Southern Pacific Transportation Co.*, 703 F.2d 425 (9th Cir.1983). Thus, defendants employ the doctrine of

preemption as a defense, as opposed to an element of plaintiff's cause of action. In this respect, plaintiff's claim is not a basis for removal, since a federal question is not raised affirmatively on the face of plaintiff's complaint, and since federal question jurisdiction can only be derived from the defense of preemption. *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1369, n. 4 (9th Cir.1984). Thus, final resolution of the preemption issue as to plaintiff's claim for intentional infliction of emotional distress is left for the state court proceeding.

## III. CONCLUSION

Thus, this court finds that plaintiff's motion to remand is hereby GRANTED, and that this cause of action be REMANDED to the County Court of Jefferson County, at Law, Jefferson County, Texas.