874 F.Supp. 756 (1995)
KVHP TV PARTNERS, LTD. d/b/a Fox 29 and Calcasieu Communications, Inc.
v.
CHANNEL 12 OF BEAUMONT, INC., Texas Television Inc., Viacom International, Inc., and Multimedia Entertainment, Inc.
No. 1:94-CV 0484.
United States District Court, E.D. Texas, Beaumont Division.
January 4, 1995.
*757 *758 Paul Franklin Ferguson, Jr. and Michael A. Havard, Provost & Umphrey, Beaumont, TX, for plaintiff.
Bruce L. James, Kleberg & Head, P.C., San Antonio, TX, Harold Henson Walker, Nona B. Thomason, Gardere & Wynne, Houston, TX, Darryl Snider, Janet M. Grady, Paul A. Blechner, John Gueli, Shearman & Sterling, Los Angeles, CA, J. Hoke Peacock, II, Orgain Bell & Tucker, Beaumont, TX, and Amy Catherine Wright, and R. James George, Jr., George Donaldson & Ford, Austin, TX, for defendants.

MEMORANDUM OPINION
COBB, District Judge.
Plaintiffs filed a motion to remand this case to the Judicial District Court in Jefferson County on the basis that this court lacks jurisdiction. After considering the respective positions of the parties concerning the motion to remand, this court GRANTS plaintiffs' motion.

BACKGROUND AND PROCEDURAL HISTORY
Calcasieu Communications, Inc., a Louisiana Corporation, is the general partner of KVHP TV Partners, Ltd. KVHP TV Partners operates under the name "Fox 29" and manages the station in Lake Charles, Louisiana. Fox 29 programming competes with defendant, Channel 12 of Beaumont, for viewers in Jefferson County, Texas. Defendants Multimedia Entertainment, Inc. ("Multimedia"), Viacom International, Inc. ("Viacom") sell syndicated programming to various stations. Plaintiffs contend that defendants agreed to restrict, constrain, or prevent Fox 29 from airing the same shows as Channel 12 of Beaumont. Plaintiffs further contend that Channel 12 maliciously prevented Fox 29 from obtaining this programming in order to insure Channel 12's market dominance.
Plaintiffs' original petition alleges that the defendants engaged in tortious interference with business relations and attempted to gain prospective economic advantage; committed civil conspiracy; violated the Texas Free Enterprise and Anti-Trust Act; and violated the Texas Deceptive Trade Practices Act by restricting the plaintiffs' ability to obtain the same competitive shows as Channel 12. The pleading alleges that defendants used their larger market presence to persuade syndicators not to offer Fox 29 the same shows as Channel 12.
*759 As is their right, plaintiffs alleged no violations of federal statutes and plead no federal causes of action. Accordingly, plaintiffs originally filed this complaint in the 58th Judicial District Court, Jefferson County, Texas. In an effort to escape state jurisdiction in Jefferson County, Multimedia and Viacom filed this removal action. Defendants contend that removal is properly based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a).[1] This court disagrees.

ANALYSIS
28 U.S.C. section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Since diversity of citizenship is not alleged, the sole issue before this court is whether plaintiffs' well pleaded complaint raises issues "arising under the Constitution, laws, or treaties of the United States" that entitle the defendants to remove the case to federal court. See 28 U.S.C. §§ 1331, 1441(a). Section 1331 provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988), aff'd, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Significant federalism concerns require this court to strictly construe removal jurisdiction. Willy, 855 F.2d at 1164.

1. The Well-Pleaded Complaint Rule
The well-pleaded complaint rule governs removal of cases from state court to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Generally, the plaintiff is the master of his complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411-12, 57 L.Ed. 716 (1913); Anderson v. American Airlines, Inc., 2 F.3d 590, 593 (5th Cir.1993). This time honored mastery permits plaintiffs to plead State causes of action and bypass federal causes of action in an effort to avoid federal jurisdiction. Williams, 482 U.S. at 392, 107 S.Ct. at 2429; Anderson, 2 F.3d at 593. Absent diversity of citizenship, defendants may successfully remove a case from state court to federal court only if a federal cause of action appears on the face of the plaintiffs' complaint. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846-47, 77 L.Ed.2d 420 (1983); Aaron v. National Union Fire Ins. Co. of Pittsburgh, 876 F.2d 1157, 1160-61 (5th Cir.1989), cert. denied, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrel Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). Furthermore, it is well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, "even if both parties concede that the federal defense is the only question truly at issue." Williams, 482 U.S. at 393, 107 S.Ct. at 2430; Franchise Tax Bd., 463 U.S. at 12, 103 S.Ct. at 2848; Willy, 855 F.2d at 1165. Generally, removal based on a federal question is proper only when the plaintiffs plead a federal cause of action on the face of the complaint.

2. The Artful Pleading Doctrine
One exception to the well pleaded complaint rule is the artful pleading doctrine. A plaintiff may not avoid federal jurisdiction by artfully disguising a federal claim as a state cause of action. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); Aaron, 876 F.2d at 1161. In these cases, removal is proper if a court determines *760 that a plaintiff's failure to plead a federal clause of action was simply a bad faith attempt to dress a federal claim in State claim clothing. Yawn v. Southern Railway, 591 F.2d 312, 316 (5th Cir.), cert. denied, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979).
However, if a court finds that plaintiff filed his State action in good faith, the artful pleading doctrine plays no role in the court's determination of whether the defendant properly removed the case to federal court. See Aaron, 876 F.2d at 1161 n. 7; Beers v. North American Van Lines, Inc., 836 F.2d 910, 913 (5th Cir.1988). Instead, a court must limit its analysis to a reading of plaintiff's properly pleaded complaint. No federal question jurisdiction exists if the complaint contains no issues of federal law. Williams, 482 U.S. at 391-92, 107 S.Ct. at 2429; Franchise Tax Bd., 463 U.S. at 10, 103 S.Ct. at 2846; Aaron, 876 F.2d at 1161.
In the instant case, this court finds no evidence to support federal jurisdiction as imposed by the artful pleading doctrine. Plaintiffs' claims are not uniquely federal and defendants offer no evidence to suggest that bad faith played a role in plaintiffs' choice of causes. In this case, plaintiffs' claims of tortious interference, civil conspiracy, Texas anti-trust laws, and violations of the Texas Deceptive Trade Practices Act do not arise under federal law. Instead, these claims simply relate to the possibility that the defendants interfered with the business practices of the plaintiffs. As such, no federal question exists on the face of plaintiffs' complaint and the artful pleading exception does not apply.

3. The Complete Preemption Doctrine
Another exception to the well-pleaded complaint rule developed into the "complete preemption doctrine." See Williams, 482 U.S. at 393, 107 S.Ct. at 2430. Ordinarily, federal preemption is raised as a defense to plaintiff's state law claims and may not serve as a basis for federal court jurisdiction. See Metropolitan Life Ins., 481 U.S. at 63, 107 S.Ct. at 1546; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In certain instances, however, the Supreme Court determined that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co., 481 U.S. at 63-64, 107 S.Ct. at 1546.
The Court first recognized this doctrine in Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In Avco, an employer sought an injunction in state court to bar the defendant labor union from striking. The union removed the suit to federal court and the Supreme Court upheld the removal holding that Section 301 of the Labor Management Relations Act ("LMRA") so completely preempts state law that the employer's complaint should be considered as arising under section 301. Avco, 390 U.S. at 560, 88 S.Ct. at 1237. Thereafter, state claims relating to collective bargaining agreements were completely preempted by section 301 of the LMRA.
The Supreme Court refined the complete preemption doctrine in future cases. See, e.g., Franchise Tax Bd., 463 U.S. 1, 103 S.Ct. 2841; Metropolitan Life Ins. Co., 481 U.S. 58, 107 S.Ct. 1542; Williams, 482 U.S. 386, 107 S.Ct. 2425. The Fifth Circuit explained each of these decisions and its interpretation of the complete preemption doctrine in Aaron v. National Union Fire Ins. Co. of Pittsburgh. Aaron, 876 F.2d at 1161-1166. In Aaron, the court examined the complete preemption doctrine as it relates to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). The court found that the Avco and Metropolitan Life Ins. Co. decisions permitted complete preemption because the statutes in question contained specific federal jurisdictional grants and legislative histories that supported complete preemption. Aaron, 876 F.2d at 1165.
For example, in Franchise Tax Bd., the Court recognized that section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), creates an express cause of action under the statute. Franchise Tax Bd., 463 U.S. at 19-20, 103 S.Ct. at 2851. The Court, however, refused to apply the preemptive scope of this section to the case at bar because the plaintiff, *761 the California tax authority, was not expressly included as a potential plaintiff under the statute. Id. at 24, 103 S.Ct. at 2854. The Court noted that Congress clearly described the parties that may bring a cause of action under ERISA. Since the Taxing authority was not specifically included as a party under the statute, jurisdiction did not arise under ERISA and preempt the state claim. Id. at 25, 103 S.Ct. at 2854.
In Metropolitan Life Ins. Co., the Supreme Court specifically addressed the preemptive scope of ERISA under the complete preemption doctrine. Metropolitan Life Ins. Co., 481 U.S. at 65, 107 S.Ct. at 1547. Metropolitan Life Ins. Co. reluctantly included section 502(a)(1)(B) of ERISA with section 301 of the LMRA as a uniquely preemptive statute. Id. The Court found that the language of the jurisdictional section of ERISA's civil enforcement provisions, coupled with the preemptive language of ERISA's legislative history, created removal jurisdiction because of the close parallels of ERISA's language with the language of the LMRA. Id.
The Fifth Circuit adopted the concurring opinion of Justice Brennan in Metropolitan Life Ins. Co. as a more concrete interpretation of the limited nature of the complete preemption doctrine. See Aaron, 876 F.2d at 1163. Brennan would apply the complete preemption doctrine only when "`Congress has clearly manifested an intent to make causes of action ... removable to federal court.'" Metropolitan Life Ins. Co., 481 U.S. at 68, 107 S.Ct. at 1548 (quoting the majority opinion at 66, 107 S.Ct. at 1548, adding emphasis). Aaron reemphasized the limited nature of the complete preemption doctrine[2] and refused to expand the doctrine to LHWCA claims. Aaron, 876 F.2d at 1165-66. The court found that the LHWCA contains no specific jurisdictional grant and lacks the requisite legislative intent to completely preempt the field. Therefore, the limited Avco exception did not apply. Id.
In the instant case, defendants attempt to classify federal antitrust law, 15 U.S.C. § 1 et seq. and the Communications Act of 1934, 47 U.S.C. § 151 et seq., as completely preemptive legislation. Both of these statutes permit independent state causes of action and, consequently, by their express language, do not completely preempt the field of law in these areas. See California v. ARC America Corp., 490 U.S. 93, 101 n. 4, 109 S.Ct. 1661, 1665 n. 4, 104 L.Ed.2d 86 (1989), and see 47 U.S.C. § 414. In ARC America Corp., the Supreme Court reiterated that federal antitrust laws do not preempt state law. ARC America Corp., 490 U.S. at 102, 109 S.Ct. at 1666 (citing Watson v. Buck, 313 U.S. 387, 403, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941); Puerto Rico v. Shell Co., 302 U.S. 253, 259-60, 58 S.Ct. 167, 170-71, 82 L.Ed. 235 (1937); and Exxon Corp. v. Governor of Maryland, 437 U.S. 117, 133-34, 98 S.Ct. 2207, 2217-18, 57 L.Ed.2d 91 (1978)). Additionally, "Congress intended the federal antitrust laws to supplement, not displace, state antitrust remedies." Id. (citing 21 Cong.Rec. 2457 (1890) (remarks of Sen. Sherman)). As such, defendants' attempt to classify federal antitrust laws as completely preemptive lacks merit.
Next, the Communications Act of 1934 is also less comprehensive than the preemptive provisions of the LMRA and ERISA. Section 414 of the Communications Act expressly states that:
Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.
47 U.S.C. § 414. This saving clause does not remotely resemble the language of ERISA or the LMRA that was recognized by the Supreme Court and the Fifth Circuit as completely preemptive. The inclusion of this saving clause is plainly inconsistent with the congressional displacement of state contract and fraud claims. See Head v. New Mexico Bd., 374 U.S. 424, 444, 83 S.Ct. 1759, 1770, 10 *762 L.Ed.2d 983 (1963) (Brennan, J., concurring). In fact, the saving clause expressly preserves state causes of action for breaches of duties that are not created by the Communications Act. MCI Telecommunications v. Garden State Investment Corp., 981 F.2d 385, 387 (8th Cir.1992) (citing Comtronics, Inc. v. Puerto Rico Tele. Co., 553 F.2d 701, 708 n. 6 (1st Cir.1977)).
In the present case, plaintiffs' claims of tortious interference, civil conspiracy, violations of the Texas Deceptive Practices-Consumer Protection Act, and violations of the Texas Free Enterprise and Anti-Trust Act do not depend on the Communications Act. Furthermore, in order to find complete preemption, Congress must clearly manifest an intent to remove an action to federal court through a specific jurisdictional grant and indicate the requisite legislative intent to completely preempt the field. See Aaron, 876 F.2d at 1165-66. Here, plaintiffs' state actions do not arise under federal law and do not fall within the complete preemption exception to the well-pleaded complaint rule. See also Ashley v. Southwestern Bell Tel. Co., 410 F.Supp. 1389 (W.D.Tex.1976) (holding that the Communications Act of 1934 did not preempt state tort law concerning invasion of privacy).

CONCLUSION
Since the plaintiff is the master of his own complaint, and neither of the two exceptions apply to create removal jurisdiction, this case must be remanded to state court.[3] For the foregoing reasons, this court GRANTS plaintiffs' motion to remand and orders this case to be remanded to the 58th Judicial District Court, Jefferson County, Texas. This court further ORDERS defendants, Viacom International, Inc. and Multimedia Entertainment, Inc. to reimburse plaintiffs for all costs and actual expenses, including attorneys' fees, incurred as a result of the removal.[4]
NOTES
[1] Defendants learned that one of Fox 29's limited partners is a Texas resident. Consequently, defendants conceded that diversity of citizenship fails as a basis for federal jurisdiction.
[2] The court reexamined Beers v. North American Van Lines, 836 F.2d 910 (5th Cir.1988) and Willy v. Coastal Corp., 855 F.2d 1160 (5th Cir.1988) noting the circuit's strict application of Avco. Aaron, 876 F.2d at 1163. The court, in both instances, required `manifest congressional intent' to make a preempted state claim removable to federal court. Id.
[3] The merits of the preemption assertions made by the defendants' response to plaintiffs' motion to remand should be properly considered as defenses to plaintiffs' state claims. This court lacks jurisdiction to consider the merits of these defenses.
[4] 28 U.S.C. § 1447(c) (as amended) (Supp.1990) provides that:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of the remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.